Per Curiam
: This is an appeal from a decision of the Indian Claims Commission, 12 Ind. Cl. Comm. 798 (1963), which dismissed a suit brought by appellant for revision of the Treaty of March 21,1866 (14 Stat. 755), and for recovery on two causes of action in connection therewith. Following a trial on the merits, the Commission decided that the Treaty of March 21,1866, was a valid treaty; that the appellant was not coerced into signing the treaty; that the appellee Was fair and honorable in dealing with the appellant in the events and transactions leading to and including the signing of the treaty; that the consideration for signing and entering into the treaty was not unconscionable; that all terms and provisions of the treaty were carried out by the appellee, and that there are no grounds for revising or altering the terms of the treaty.
After a review of the record filed herein, including the findings of fact and the decision of the Commission, we find that its decision is supported by substantial evidence and that the Commission correctly applied the law to the facts.
We note with approval that the Commission held that the defense of res judicata is not applicable to appellant’s suit. *478 This decision of the Commission accords with the purposes and intent of the Indian Claims Commission Act and follows our recent decisions in the Creek Nation v. United States, Appeal No. 9-63, 168 Ct. Cl. 483 (1964), and Appeal No. 10-63, 168 Ct. Cl. 512 (1964). In the light of those decisions, the Commission might well have determined that the doctrine of collateral estoppel is applicable to most if not all of the factual issues presented in this litigation. However, in view of the result reached, no harm was done by the Commission in again exploring the facts underlying appellant’s allegations in order to make certain that the Indians had been fairly dealt with and to give them their day in court.
For the reasons stated, the decision of the Commission is affirmed.

Affirmed