Per Curiam :
This is an appeal from a decision of the Indian Claims Commission (12 Ind. Cl. Comm. 570 (1968)) dismissing appellant’s suit under Section 2 (3) and (5) of the Indian Claims Commission Act, 25 U.S.C. § 70a, for revision of that part of the Treaty of July 19,1866,14 Stat. 799, which provided that former Cherokee slaves (the so-called Cherokee freedmen) should have all the rights of native Cherokees. The claim was that (a) the Cherokee Nation agreed to this portion of the treaty as a result of duress exerted by the agents of the Federal Grovernment; (b) the Nation acted under a unilateral mistake of fact as to the meaning and reach of the treaty; (c) no proper consideration was provided by the United States for the tribal property which flowed to the freedmen as a result of the treaty; and (d) the dealings of the United States with the Cherokee Nation with respect to this matter were not fair and honorable. Recovery was sought of the value of that portion of the tribal funds and lands which had been distributed to the freedmen (as members of the Cherokee Nation).
A trial was had. In a detailed and exhaustive opinion the Commission concluded that the appellant had failed to prove a case upon which relief could be granted. More specifically, *183 tbe Commission determined that “the plaintiff [appellant] has failed to prove the 1866 treaty or its antecedent 1865 and 1866 negotiations were attended by duress, fraud, intimidation, falsehood, or mistake. The plaintiff has failed to prove that consideration was relevant to the pertinent portions of that treaty. The plaintiff has failed to prove that the 1866 treaty or its antecedent 1865 and 1866 negotiations were tainted by unfair or dishonorable dealings on the part of the defendant. The plaintiff has failed to prove that in the allotment of tribal funds and lands there was any taking by the defendant which would raise the issue of unconscionable consideration.” [12 Ind. Cl. Comm, at 643.]
Some two years ago when the Seminole Nation appealed a companion ruling by the Commission involving a comparable treaty with that Nation (12 Ind. Cl. Comm. 798 (1963)), we found that the Commission’s decision was “supported by substantial evidence and that the Commission correctly applied the law to the facts.” Seminole Nation v. United States, 171 Ct. Cl. 477 (1965). We are of the same view here. The Commission’s findings of fact in this case are sustained by substantial evidence in the record as a whole, and its material legal rulings were correct. There is no need to go over again the ground which the Commission has so thoroughly covered in its findings and opinion. We affirm its decision substantially for the reasons it gave.

Affirmed.